UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ANGEL RIOS GERENA, MARICELA
OCASIO, AND THE CONJUGAL
PARTNERSHIP FORMED BY THEM,

    Plaintiffs,

    v.

OSRAM SYLVANIA P.R. CORP.;
RUSSELL L. UNDERWOOD,

    Defendants.

Civil No. 98-1428 (JAF)

**O R D E R**

We entered an order on July 23, 1999, dismissing Plaintiffs Angel Ríos-Gerena, Maricela Ocasio, and their conjugal partnership's federal claim under the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. §§ 621-634. The order also dismissed without prejudice Plaintiffs' state law claims under the laws of the Commonwealth of Puerto Rico, Act No. 100 (Law 100), of June 30, 1959, as amended, 29 L.P.R.A. § 146, and Act No. 80, of May 30, 1976, 29 L.P.R.A. § 185(a). Defendant, Osram Sylvania P.R. Corp., has subsequently filed a motion to amend this court's order and dismiss the state law claims with prejudice pursuant to Fed. R. Civ. P. 59(e).

It is within this court's discretion to dismiss pendent state law claims without prejudice after the foundational federal claim has

AO 72
(Rev 8/82)

Civil No. 98-1428 (JAF)                                                    2-

been dismissed.  See 28 U.S.C. § 1367(c); see also Bowdoin Const. Corp. v. Rhode Island Hosp. Trust Nat. Bank, N.A., 869 F.Supp. 1004, 1011 (D.Mass 1994) (pursuant to 28 U.S.C. § 1367(c), where the supporting federal claims have been dismissed, the court has discretion to dismiss the pendent state claims as well, without prejudice to a future state court action).

We have reviewed Defendant's motion to reconsider our dismissal of Plaintiffs' state law claims without prejudice and determine that Defendant's motion is without merit. Upon reviewing the record, we find that we properly exercised our discretion to dismiss the state law claims without prejudice. It is easier for a plaintiff to establish its burden of proof under Law No. 100 than under the ADEA. See Cardona Jimenez v. Bancomercio De Puerto Rico, 174 F.3d 36, 42 (1st Cir. 1999). Under Law No. 100, a plaintiff has two requirements in order to establish a prima facie case, whereas under the ADEA the plaintiff has to meet four requirements in order to establish a prima facie case. Id. Furthermore, there is an important difference involving the burden shifting. Id. Although the plaintiff in an ADEA case always bears the burden of proof, Law No. 100 temporarily places that burden on the employer and, thus, is significantly more favorable to the plaintiff that the ADEA. Id. See also Ibañez Benítez v. Molinos de Puerto Rico, Inc., 114 P.R. Dec. 42, 52, 1983 WL 204221 (1983). In light of the different requirements to

Civil No. 98-1428 (JAF)                                                3-

establish a prima facie case and the different burden shifting, we find that it was proper to dismiss the state law claims without prejudice. Therefore, Defendant's motion to amend the order and dismiss Plaintiffs' state law claim with prejudice is **DENIED**. This order disposes of Docket Documents Nos. 23 and 24.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 15th day of November, 1999.

JOSE ANTONIO FUSTE
U. S. District Judge

AO 72
(Rev 8/82)