IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL RIOS GERENA, MARICELA
OCASIO, AND THE CONJUGAL
PARTNERSHIP FORMED BY THEM
Plaintiffs

CIVIL NO. 98-1428 (JAF)

Taxation of Costs

v.

OSRAM SYLVANIA P.R. CORP.;
RUSSELL L. UNDERWOOD
Defendants

**TAXATION OF COSTS**

Before the Clerk of the Court in the above-captioned case is defendant Osram Sylvania P.R. Corp.'s unopposed bill of costs (Docket No. 21).

On July 23, 1999, a judgment was entered dismissing the complaint filed in this case (Docket No. 20). As prevailing party, defendant now seeks recovery of the following items of costs: (1) deposition costs - $2,016.00; and (2) fees for exemplification and copies - $659.70.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Furthermore, 28 U.S.C. § 1920 allows the prevailing party to recover the following as costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;



Civil No. 98-1428 (JAF) Page -2-

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).

The Clerk of Court, having reviewed the abovementioned bill of costs and the record, makes the following determinations.

**Deposition Costs.** Defendant seeks to recover $2,016.00 for the costs of depositions taken to plaintiffs. Pursuant to 28 U.S.C. § 1920 (2), the court reporter's fees for all and any part of the stenographic transcript are allowed if the same were necessarily obtained for use in the case.

In the case at bar, although portions of Angel Ríos-Gerena's deposition were used in connection with a successful motion for summary judgment, defendant failed to submit the corresponding documentation in support of its claims and to explain how the rest of plaintiffs' depositions were necessary for the case. Thus, these expenses are disallowed without prejudice.

**Fees for Exemplification and Copies.** Defendant seeks recovery of $659.70 for exemplification and copies of documents. The cost of photocopying documents necessarily obtained for use in a case are taxable under 28 U.S.C. § 1920(4). It is the

Civil No. 98-1428 (JAF)                                                                       Page -3-

policy of the Office of the Clerk to allow recovery of copying costs for those documents which are introduced as evidence at trial, or attached as an exhibit to a pleading that has been filed and served upon the opposing party. "Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered." United States v. Davis, 87 F. Supp. 2d 82, 88 (D.R.I. 2000), citing Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D.Ga. 1995). Thus, it is the policy of the Clerk of the Court to disallow expenses for the photocopying of documents for the convenience of a party, or obtained for counsel's own use, absent court authorization. However, "[c]opies may be deemed necessary even if not used in the trial of the matter." Davis, 87 F. Supp. 2d at 88, citing Piester v. IBM Corp., 1998 WL 1267929 at 2 (1st Cir.).

Defendant failed to identify which documents were copied and the amount of copies made. Said party also failed to explain how the copies were necessary for the case. Therefor, these expenses are disallowed without prejudice.

WHEREFORE, the bill of costs filed by defendant is denied in its entirety. Defendant shall, within ten (10) days from the date of receipt of the taxation of costs, verify their bill of costs as required by 28 U.S.C. § 1924 and substantiate their claim. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days thereafter.

In San Juan, Puerto Rico, this 17th day of September, 2003.

FRANCES RIOS DE MORAN
CLERK OF COURT

Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk